## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

CHRISTOPHER HUFF,

     Plaintiff,

v.

SOLVAY USA, INC.,

     Defendant.

CIVIL ACTION FILE NO.
2:22-CV-252-RWS-JCF

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Christopher Huff ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Solvay USA, Inc. (hereinafter "Defendant" or "Solvay"), showing the following:

## I. NATURE OF COMPLAINT

1.    Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

## II. PARTIES

2.    Plaintiff is a resident of the State of Georgia, a citizen of the United States of

America, and is subject to the jurisdiction of this Court.

3.      Defendant is an Foreign Profit Corporation with a principal office located at 504 Carnegie Center, Princeton, New Jersey 08540.

4.      Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.      Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the ADA.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count II of this Complaint, which arises out of the FMLA.

8.      The majority of the events plead herein occurred at the work site of 577 Bankhead Highway, Winder, Georgia 30680.

9.      This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Gainesville Division of the Northern District of Georgia.

10.     Plaintiff exhausted all administrative remedies in this matter. *Dismissal and*

*Notice of Rights*, Ex. 1.

11.    This action has been timely commenced.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

13.    Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

14.    Defendant is now, and at all times relevant hereto has been, an employer subject to the FMLA.

15.    Plaintiff was employed by Defendant from March 2013, until his termination on December 7, 2020.

16.    At all times relevant to his claims, Plaintiff was employed as a Warehouseman/Truck Pad Operator in Defendant's Winder, Georgia location.

17.    Prior to the events in question, Plaintiff had no negative performance reviews on his record.

18.    During all times relevant to his legal claims, Plaintiff reported to Mr. Pete Kober (Warehouse Supervisor), Mr. Louis Segars (Operations Manager), and Ms. Maggie Craig (Plant Manager).

19.    In or around April 2020, Plaintiff's father was placed in hospice care.

20.    Plaintiff thereafter applied for twelve weeks of leave pursuant to the FMLA

with Solvay to help care for his father.

21.     While his FMLA leave was approved, Plaintiff's supervisors indicated that they were "unhappy" that he was taking such a leave.

22.     Plaintiff returned to work in July 2020.

23.     The week following his return to work, Plaintiff failed to wear Personal Protective Equipment ("PPE") while performing transfers.

24.     No accident or incident occurred.

25.     Although there was no incident or accident, Mr. Kober soon after approached Plaintiff and informed him that he watched the relevant camera footage and was aware that Plaintiff did not wear his PPE.

26.     The fact that Mr. Kober reviewed Plaintiff's work via camera footage was unusual, as typically such footage is only reviewed when an accident or incident occurs.

27.     Plaintiff was thereafter sent home and placed on administrative leave.

28.     Plaintiff later had a meeting with Mr. Segars and Ms. Craig.

29.     During that meeting, Plaintiff was suspended without pay for two (2) weeks due to the failure to wear PPE.

30.     Plaintiff was also told that he was required to take a psychiatric evaluation in order to return to work.

31.    While numerous employees comparable to Plaintiff have been suspended for not wearing PPE, including, but not limited to, Mr. Mike Pebbles and Mr. Brandon Brooks, no other coworker has been forced to undergo a psychiatric evaluation in order to return to work.

32.    Those employees were similarly situated to Plaintiff, including job position, duties, and supervisory chain.

33.    Plaintiff was told that Mr. Kober was concerned about Plaintiff's mental health solely based on Plaintiff's father's passing.

34.    Despite demanding that Plaintiff seek a psychiatric evaluation prior to returning to work, Solvay did not assist Plaintiff in seeking such treatment.

35.    As Plaintiff was not under the care of a psychiatrist, he was forced to seek out medical assistance on his own.

36.    Plaintiff was informed that it would take approximately two (2) months to return him to work.

37.    In the meantime, Defendant told Plaintiff to apply for Short Term Disability ("STD") leave.

38.    As directed, Plaintiff contacted MetLife and Solvay every week during his mandated administrative leave pending the psychiatric evaluation.

39.    During that leave, Plaintiff was forced to use all of his accrued sick time and

went without pay for approximately five (5) weeks.

40.     On or about November 19, 2020, Plaintiff was permitted to return to work after completing a psychiatric evaluation.

41.      Within a few weeks of his return, however, on or about December 7, 2020, Plaintiff was terminated by Solvay.

42.     In doing so, Defendant alleged that Plaintiff was involved in an accident on or about December 3, 2020, and failed to report minor damage done to a building.

43.     Assuming that Plaintiff was in such an accident, he was not aware of being involved in the accident or causing damage.

44.     When the damage was discovered, Plaintiff's supervisor stated that he (Mr. Kober) could have been the responsible party himself and not realized it.

45.     There are several employees comparable to Plaintiff who have unintentionally and unknowingly been involved in an accident and/or caused minor damage, yet those employees have only been reprimanded, not terminated.

46.     Those employees were similarly situated to Plaintiff, including job position, duties, and supervisory chain.

47.     Those employees had not similarly just returned to work following FMLA leave and forced administrative leave pending a psychiatric evaluation.

48.     On January 28, 2021, Plaintiff filed a claim with the EEOC, Charge Number

410-2021-02811.

49.    Plaintiff received his Dismissal and Notice Rights from the EEOC, dated September 28, 2022.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

50.    Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

51.    Plaintiff was qualified for his position.

52.    Plaintiff was perceived as disabled by Defendant.

53.    Plaintiff suffered the adverse action of unpaid administrative leave.

54.    Plaintiff suffered the adverse actions of suspension without pay for two (2) weeks.

55.    Plaintiff suffered the adverse action of termination.

56.    Plaintiff is aware of similarly-situated employees outside Plaintiff's protected class who were treated more favorably than Plaintiff.

57.    Defendant's statements to Plaintiff regarding his mental health serve as direct evidence of discrimination in violation of the ADA.

58.    Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

59.    Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: FMLA RETALIATION

60.    Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

61.    Plaintiff engaged in protected activity under the FMLA when he took medical leave related to his father's disability.

62.    After Plaintiff's return from leave, Defendant took several adverse actions against Plaintiff.

63.    Plaintiff suffered the adverse action of unpaid administrative leave.

64.    Plaintiff suffered the adverse actions of suspension without pay for two (2) weeks.

65.    Plaintiff suffered the adverse action of termination.

66.    The circumstances of these adverse actions raise an inference of retaliation.

67.    Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

68.    Defendant's actions against Plaintiff were willful.

69.    Plaintiff has suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.      Trial by jury;

b.      That judgment be entered against Defendant on all claims;

c.      Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d.      Punitive damages;

e.      Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f.      Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g.      Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h.      Any other relief this Court deems proper and just.

Respectfully submitted this 22nd day of December, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 22nd day of December, 2022.


THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
*Attorney for Plaintiff*